

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00306-CR

_____

TONY DELLUMS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1851616

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

Pro se Appellant Tony Dellums attempts to appeal his conviction for evading arrest or detention with a vehicle, a third-degree felony. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). But Appellant pleaded guilty to that offense, and the trial court certified that he has no right to appeal because this is a plea-bargain case.

We notified Appellant that we lack jurisdiction and warned him that we could dismiss his appeal unless we received a response showing grounds for continuing it. *See* Tex. R. App. P. 44.3. Appellant filed two responses, stating a desire to challenge the trial court's alleged failure to inquire into his mental competency, the sufficiency of the evidence, and the alleged ineffectiveness of his trial counsel. In both responses, Appellant argues that he is seeking "collateral relief" through what Appellant calls a "collateral appeal habeas corpus."

When a trial court follows a plea bargain, the defendant may appeal only (1) those issues that were raised in written motions filed and disposed of before trial or (2) with the trial court's permission. Tex. R. App. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Appellant does not raise either circumstance.

Rather, Appellant attempts to invoke this court's jurisdiction by filing with this court a "Notice of Appeal Application for Collateral Relief" that is functionally a post-conviction application for a writ of habeas corpus. Article 11.07 of the Texas Code of Criminal Procedure is the exclusive means for challenging a final felony

conviction, and this court has no jurisdiction over matters relating to post-conviction applications under Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

Because the trial court's certification of Appellant's right of appeal states that Appellant has no right of appeal, this court has no jurisdiction over matters relating to post-conviction applications under Article 11.07, and Appellant has not otherwise shown grounds for continuing this appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Chavez*, 183 S.W.3d at 680; *Keene*, 910 S.W.2d at 483; *see, e.g.*, *Ex parte Wicker*, No. 02-18-00318-CR, 2018 WL 4140642, at *1 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op., not designated for publication); *McMurtrey v. State*, No. 02-17-00031-CR, 2017 WL 1536235, at *1 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) (per curiam) (mem. op., not designated for publication).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 18, 2025